# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                              Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620
—————

gnaydenskiy@faillacelaw.com

March 16, 2020

**VIA ECF**

Hon. Judge Robert W. Lehrburger
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     **Galindo et al v. Dyckman Electronics Center Inc. et al**
        **Case No. 18-cv-08678-JGK**

Dear Judge Lehrburger:

This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement") after attending a settlement conference in front of Your Honor. A copy of the FLSA Agreement is attached hereto as Exhibit A[1]. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## **BACKGROUND**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

---

[1] The parties have separately agreed to settle Plaintiff's state law claims.

*Certified as a minority-owned business in the State of New York*

## SETTLEMENT TERMS

Plaintiff alleges he would be entitled to FLSA back wages of approximately $17,278.08 as his best case scenario. However, Defendants contend that they were in compliance with the wage laws and have produced records. Accordingly, if the records were to be believed, Plaintiff would be entitled to nominal damages at best. Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle this action for the total sum of $5,000. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Therefore, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on all of his claims,

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $1,753.78[2] which consists of 1) 18% of the costs subtracted from the $5,000 settlement amount and one third of the remainder which equals to $1,623.10 plus 2) costs in the amount of $130.68.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $3,960 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

     i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

     ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December  2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and

---

[2] Plaintiff's counsel noticed there was an approximate 88 cent mistake in the settlement agreement. Accordingly, the attorneys for the parties have agreed to change 1,754.66 to 1,753.78 for Plaintiff's attorneys with the 88 cents to be allocated to the Plaintiff.

Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[3]

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

---

[3] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOVITO GALINDO, *individually and on behalf*
*of others similarly situated,*

               Plaintiff,

     -against-

DYCKMAN ELECTRONICS CENTER INC.
(D/B/A DYCKMAN ELECTRONICS), FRONT
ROW ELECTRONICS LLC (D/B/A DYCKMAN
ELECTRONICS), AVRAHAM OZ, NURIEL
GUEDALIA, JACKIE OZ, and ANGELA
TORRES,

             *Defendants.*

**18-cv-08678-JGK**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Jovito Galindo ("Plaintiff") on the one hand, Dyckman Electronics Center Inc. (d/b/a Dyckman Electronics) and Front Row Electronics LLC (d/b/a Dyckman Electronics), ("Defendant Corporations"), Avraham Oz, Nuriel Guedalia, Jackie Oz, and Angela Torres, ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-08678-JGK (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Five Thousand Dollars and No Cents ($**5,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the

Court, or any order modifying and entering this Agreement.

| JOVITO GALINDO | $1,622.67 by IRS Form 1099 and $1,622.67 by W-2 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $1,754.66 by IRS Form 1099 |

(a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

2. <u>Release and Covenant Not To Sue</u>: As a material inducement to the Defendants to enter into this Agreement, to the fullest extent permitted by law, Plaintiff, and his heirs and assigns in their respective capacity as such, ("Releasors") hereby agree to accept from the Defendants the Settlement Sum, in full resolution and satisfaction of all wage and hour claims brought by Plaintiff in the lawsuit and hereby irrevocably and unconditionally waive, release, and forever discharge the Defendants, their heirs, assigns, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, (the "Releasees") from, any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, causes of action, obligations, and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, apparent or concealed which Releasors now or in the future may have or claims to have against the Releasees based upon or arising out of any facts, acts, conduct, omissions, transactions, occurrences, contracts, events, causes, matters, or things limited to those asserted in the Complaint or which could have been asserted under the Fair Labor Standards Act of 1938 (the "FLSA") or the New York Labor Law (the "NYLL"), existing or occurring or claimed to exist or to have occurred at any time on or before the date of Plaintiffs' execution of this Agreement, whether asserted as an individual claim or action, or a class or collective claim or action on behalf of a class or collective action which includes any Releasor as either an actual or putative class or collective action member for wage and hour violations under the FLSA, NYLL or other law or statute (hereinafter collectively referred to as "Claims"). To the fullest extent permitted by law, the Claims being released include, but are not limited to, any and all Claims relating to employment compensation, wages (including overtime and spread of hour wages), bonuses, commissions and benefits with Releasors; any claims under federal, state law, statute, or regulation, including, without limitation:

(a) any claims or actions under the Fair Labor Standards Act of 1938;

(b) any claims or actions under any New York Labor Law; or any and all state laws;

(c) any claims or actions for indemnification; and,

(d) all claims for costs, attorneys' fees, and interest on behalf of Releasors and all of the attorneys who have represented them in pursuing these claims.

2

Releasors hereby covenant and agree not to file, commence or initiate any court suits, demands or causes of action against the Releasees based upon or relating to any of the specific claims released and forever discharged pursuant to this Agreement. Plaintiff represents that other than Plaintiff's Complaint in the Lawsuit, there are no pending lawsuits, charges or other claims of any nature whatsoever filed by him against Releasees in any state or federal court or agency or other administrative body.

3.     <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     <u>Representations and Warranties</u>.  Except for the Litigation, Plaintiff represents and warrants that he has not filed or caused to be filed any lawsuits or arbitrations against Defendants, or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.  Plaintiff further represents, warrants and acknowledges that Defendants no longer owe him wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay or other compensation or benefits or payments or form of remuneration of any kind or nature, arising from his employment for Defendants other than that specifically provided for in this Agreement.

5.     <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5.     <u>Acknowledgments</u>:  Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     <u>Notices</u>:      Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Mark M. Rottenberg
**Rottenberg Lipman Rich, P.C.**
230 Park Avenue, 18th Floor

New York, NY 10169
Tel: (212)-661-3080
Fax: (212)-867-1914
Email: mrottenberg@rlrpclaw.com

and

C. Zachary Rosenberg
**Rottenberg Lipman Rich, P.C.**
230 Park Avenue, 18th Floor
New York, NY 10169
Tel: 212-661-3080
Fax: 212-867-1914
Email: zrosenberg@rlrpclaw.com

7.      Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.      Enforceability:  If the release in Section 3 of this Agreement is determined to be invalid or otherwise unenforceable, this Agreement shall be deemed to be invalid and unenforceable in its entirety, and Plaintiff and his attorney shall immediately return any payment made to them pursuant to the terms of this Agreement.  If any other provision of this Agreement is determined to be invalid or otherwise unenforceable, the validity of the remaining clauses and provisions shall not be affected.

9.      Release Notification:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10.     Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  Signatures delivered by facsimile and/or email shall be effective for all purposes.

4

11.    <u>Entire Agreement</u>.    This Agreement contains the complete and entire understanding of the parties regarding the subject matter thereof.  In executing this Agreement, neither party relies on any term, condition, promise or representation other than those expressed in this Agreement.  This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions with respect to the subject matter thereof.

*[signature page to follow]*

      **IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY JOVITO GALINDO:**

_____         3-10-20
                                                                   Date

**AGREED TO AND ACCEPTED BY DYCKMAN ELECTRONICS CENTER INC. (d/b/a DYCKMAN ELECTRONICS)**

BY:_____                 _____
                                                                    Date

TITLE:_____

**AGREED TO AND ACCEPTED BY FRONT ROW ELECTRONICS LLC (d/b/a DYCKMAN ELECTRONICS)**

BY:_____                 _____
                                                                    Date

TITLE:_____

**ACCEPTED AND AGREED TO BY AVRAHAM OZ:**

_____         _____
                                                                    Date

**ACCEPTED AND AGREED TO BY NURIEL GUEDALIA:**

_____         _____
                                                                    Date

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY JOVITO GALINDO:**

_____                    _____
                                                              Date

**AGREED TO AND ACCEPTED BY DYCKMAN ELECTRONICS CENTER INC. (d/b/a DYCKMAN ELECTRONICS)**

BY:_____                    3/12/20
                                                        Date

TITLE:_____

**AGREED TO AND ACCEPTED BY FRONT ROW ELECTRONICS LLC (d/b/a DYCKMAN ELECTRONICS)**

BY:_____                    3/12/20
                                                        Date

TITLE:_____

**ACCEPTED AND AGREED TO BY AVRAHAM OZ:**

_____                    3/12/20
                                                              Date

**ACCEPTED AND AGREED TO BY NURIEL GUEDALIA:**

_____                    3/12/20
                                                              Date

**ACCEPTED AND AGREED TO BY JACKIE OZ:**

_____                    3/12/20
                                                            Date

**ACCEPTED AND AGREED TO BY ANGELA TORRES:**

_____                    3/12/20
                                                            Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOVITO GALINDO, individually and on behalf of          :
others similarly situated,                             :
                                                       :
                                                       :
                                                       :
                        Plaintiff,                     :    1:18-cv-08678-JGK
                                                       :
        -against-                                      :    **STIPULATION OF**
                                                       :    **DISCONTINUANCE WITH**
DYCKMAN ELECTRONICS CENTER INC. (D/B/A                 :    **PREJUDICE**
DYCKMAN ELECTRONICS), FRONT ROW                        :
ELECTRONICS LLC (D/B/A DYCKMAN                          :
ELECTRONICS), AVRAHAM OZ, NURIEL                       :
GUEDALIA, JACKIE OZ, and ANGELA TORRES,                :
                                                       :
                        Defendants.                    :
------------------------------------------------------------ X

        Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), plaintiff Jovito

Galindo ("Plaintiff") and defendants Dyckman Electronics Center Inc. (d/b/a Dyckman

Electronics), Front Row Electronics LLC (d/b/a Dyckman Electronics), Avraham Oz, Nuriel

Guedalia, Jackie Oz, and Angela Torres (collectively, "Defendants"), by and through their

undersigned counsel, hereby stipulate that all claims asserted by Plaintiff against Defendants are

dismissed with prejudice.  Except as set forth the settlement agreements entered into by the

parties, each party shall bear its own costs and attorney's fees.

Dated: March 16, 2020
       New York, New York

MICHAEL FAILLACE & ASSOCIATES, P.C.        ROTTENBERG LIPMAN RICH, P.C.


By:      Gennadiy Naydenskiy, Esq.          By:     Mark M. Rottenberg, Esq.
One Grand Central Place                     The Helmsley Building
60 East 42nd Street, Suite 4510             230 Park Avenue, 18th Floor
New York, New York 10165                    New York, New York 10169
(212) 317-1200                              (212) 661-3080
Attorneys for Plaintiff                     Attorneys for Defendants

# EXHIBIT B

| Plaintiffs | Pay Period | | | | Minimum Wage | | | Paid Wages | | | Unpaid Wages & OT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT |
| Jovito Galindo | 9/1/2012 | 10/31/2012 | 9 | 70 | $ 7.25 | $ 10.88 | $ 616.25 | $ 480.00 | $ 6.86 | $ 10.29 | $ 136.25 | $ 1,226.25 | $ 1,226.25 |
| | 11/1/2012 | 1/31/2013 | 13 | 72 | $ 7.25 | $ 10.88 | $ 638.00 | $ 480.00 | $ 6.67 | $ 10.00 | $ 158.00 | $ 2,054.00 | $ 2,054.00 |
| | 2/1/2013 | 10/31/2013 | 39 | 60 | $ 7.25 | $ 10.88 | $ 560.00 | $ 480.00 | $ 8.00 | $ 12.00 | $ 80.00 | $ 3,120.00 | $ 3,120.00 |
| | 11/1/2013 | 12/30/2013 | 8 | 72 | $ 7.25 | $ 10.88 | $ 638.00 | $ 480.00 | $ 6.67 | $ 10.00 | $ 158.00 | $ 1,264.00 | $ 1,264.00 |
| | 12/31/2013 | 1/31/2014 | 4 | 72 | $ 8.00 | $ 12.00 | $ 704.00 | $ 480.00 | $ 6.67 | $ 10.00 | $ 224.00 | $ 896.00 | $ 896.00 |
| | 2/1/2014 | 10/31/2014 | 39 | 60 | $ 8.00 | $ 12.00 | $ 560.00 | $ 480.00 | $ 8.00 | $ 12.00 | $ 80.00 | $ 3,120.00 | $ 3,120.00 |
| | 11/1/2014 | 12/30/2014 | 8 | 72 | $ 8.00 | $ 12.00 | $ 704.00 | $ 480.00 | $ 6.67 | $ 10.00 | $ 224.00 | $ 1,792.00 | $ 1,792.00 |
| | 12/31/2014 | 1/31/2015 | 4 | 72 | $ 8.75 | $ 13.13 | $ 770.00 | $ 585.00 | $ 8.13 | $ 12.19 | $ 185.00 | $ 740.00 | $ 740.00 |
| | 2/1/2015 | 7/31/2015 | 26 | 60 | $ 8.75 | $ 13.13 | $ 682.50 | $ 585.00 | $ 9.75 | $ 14.63 | $ 97.50 | $ 2,535.00 | $ 2,535.00 |
| | 8/1/2015 | 9/21/2015 | 7 | 54 | $ 8.75 | $ 13.13 | $ 660.83 | $ 585.00 | $ 10.83 | $ 16.25 | $ 75.83 | $ 530.83 | $ 530.83 |
| | | | | | | | | | | | | $ 17,278.08 | $ 17,278.08 |
| | | | | | | | | | | | | | |
| TOTAL DAMAGES | | | | | | | | | | | | $ 17,278.08 | $ 17,278.08 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| NYLL - SOL | 9/22/2013 | | | | | | |
| NYLL Amendment Date | 4/9/2011 | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | |
| FLSA - SOL | 9/21/2016 | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | |
| Filing Date | 9/21/2019 | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FL | | | |
| Today's Date | 3/16/2020 | | | | | | |

| Plaintiffs | Pay Period | | Spread of Hours | | | TOTALS |
| | Start | End | SOH Days per Week | Unpaid SOH Pay | Liq. Damages on Unpaid SOH Pay | |
|---|---|---|---|---|---|---|
| **Jovito Galindo** | 9/1/2012 | 10/31/2012 | 5 | $ 326.25 | $ 326.25 | $ 3,105.00 |
| | 11/1/2012 | 1/31/2013 | 6 | $ 565.50 | $ 565.50 | $ 5,239.00 |
| | 2/1/2013 | 10/31/2013 | 0 | $ - | $ - | $ 6,240.00 |
| | 11/1/2013 | 12/30/2013 | 6 | $ 348.00 | $ 348.00 | $ 3,224.00 |
| | 12/31/2013 | 1/31/2014 | 6 | $ 192.00 | $ 192.00 | $ 2,176.00 |
| | 2/1/2014 | 10/31/2014 | 0 | $ - | $ - | $ 6,240.00 |
| | 11/1/2014 | 12/30/2014 | 6 | $ 384.00 | $ 384.00 | $ 4,352.00 |
| | 12/31/2014 | 1/31/2015 | 6 | $ 210.00 | $ 210.00 | $ 1,900.00 |
| | 2/1/2015 | 7/31/2015 | 0 | $ - | $ - | $ 5,070.00 |
| | 8/1/2015 | 9/21/2015 | 0 | $ - | $ - | $ 1,061.67 |
| | | | | $ 2,025.75 | $ 2,025.75 | $ 38,607.67 |
| | | | | | | |
| **TOTAL DAMAGES** | | | | $ 2,025.75 | $ 2,025.75 | $ 38,607.67 |

| | | |
|---|---|---|
| **NYLL - SOL** | **9/22/2013** | |
| **NYLL Amendment Date** | **4/9/2011** | |
| **FLSA - SOL** | **9/21/2016** | |
| **Filing Date** | **9/21/2019** | .SA and NYLL. |
| **Today's Date** | **3/16/2020** | |

# EXHIBIT C

### Michael Faillace & Associates, P.C.
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200            Fax:(212) 317-1620

Jovito Galindo                                                    March 16, 2020

|  |  |
|---|---|
| File #: | Dyckman |
| Inv #: | 1187 |

**Attention:**

**RE:**    Galindo et al v. Dyckman Electronics Center Inc. et al; 18-cv-08678

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Sep-19-18 | Initial consultation with MF | 0.90 | 405.00 | MF |
| Sep-21-18 | Drafted Complaint | 1.80 | 810.00 | MF |
| Nov-13-18 | email w/ def attorney | 0.10 | 35.00 | GN |
| Nov-14-18 | review def produced docsuments | 0.30 | 135.00 | GN |
|  | telephone conference with cl and SV | 0.10 | 45.00 | GN |
|  | continue review of def produced documents | 0.50 | 225.00 | GN |
| Dec-18-18 | phone conference with def atty | 0.20 | 70.00 | GN |
| Feb-01-19 | conference with def attorney re: scheduling | 0.20 | 70.00 | GN |
|  | draft 26f report | 0.30 | 105.00 | GN |
| Feb-05-19 | conference with SV to call cl re: def docs | 0.10 | 35.00 | GN |
|  | travel to court | 0.40 | 140.00 | GN |
|  | court conference | 0.80 | 280.00 | GN |
|  | travel from court | 0.30 | 105.00 | GN |

| Feb-22-19 | email def attorney re: sett conference scheduling | 0.10 | 35.00 | GN |
| May-20-19 | conference with court | 0.20 | 70.00 | GN |
| | review and edit damages calculations | 0.40 | 140.00 | GN |
| | Prepared Damages Chart | 0.50 | 50.00 | PL |
| Jun-05-19 | review and edit sett conference letter and review case file | 0.50 | 175.00 | GN |
| | Drafted Settlement Memorandum | 0.40 | 40.00 | PL |
| | E-mail Honor Lehrburger Settlement Memorandum with Damages Calculations and attendance form | 0.10 | 10.00 | PL |
| Jun-07-19 | travel to sett conference | 0.40 | 70.00 | GN |
| | sett conference | 3.00 | 0.00 | GN |
| | travel from sett conference | 0.30 | 0.00 | GN |
| Aug-28-19 | worked with  w/ PL on sett agreements | 0.40 | 140.00 | GN |
| Nov-14-19 | review def edits to sett agreement | 0.50 | 175.00 | MF |
| Mar-06-20 | draft ltr extension of time | 0.10 | 35.00 | MF |
| | telephone call w/ def attorney re: sett agreement | 0.50 | 175.00 | GN |
| Mar-12-20 | email opposing counsel re: def signature | 0.10 | 35.00 | GN |
| Mar-16-20 | draft fairness motion | 1.00 | 350.00 | GN |
| | Totals | 14.50 | $3,960.00 | |

**DISBURSEMENTS**

| | Filing Fee | 400.00 |
| Nov-19-18 | Process Server: Front Row Electronics LLC | 63.00 |
| | Process Server: Dyckman Electronics Center Inc. | 63.00 |

| Nov-26-18 | Process Server: Angela Torres | 50.00 |
|---|---|---|
| | Process Server: Jackie Oz | 50.00 |
| | Process Server: Nuriel Guedalia | 50.00 |
| | Process Server: Avraham Oz | 50.00 |

| | Totals | $726.00 |
|---|---|---|

| **Total Fee & Disbursements** | **$4,686.00** |
|---|---|

| **Balance Now Due** | **$4,686.00** |
|---|---|